John K. KIRCHGESSNER, et al., Plaintiffs,

v.

CHLN, INC. d/b/a Chart House and Landry's Restaurants Inc., Defendants.

No. CV-15-1048-PHX-SMM

United States District Court, D. Arizona.

Signed January 4, 2016

Clifford Phillip Bendau, II, Bendau Law Firm, Phoenix, AZ, for Plaintiffs.

Britton Mavity Worthen, Thomas Andrew Gilson, Beus Gilbert PLLC, Phoenix, AZ, Gerald Leonard Maatman, Jr., Seyfarth Shaw LLP, Chicago, IL, Kristen M. Agnew, Seyfarth Shaw LLP, Los Angeles, CA, Gina R. Merrill, Seyfarth Shaw LLP, New York, NY, for Defendants.

## ORDER

Stephen M. McNamee, Senior United States District Judge

Pending before the Court is Defendants' Motion to Dismiss Counts 1 and 2 of Plaintiffs' Complaint, which is fully briefed. (Docs. 12, 15, 16.) Plaintiffs allege that Defendants violated the minimum wage provisions of the Fair Labor Standards Act ("FLSA"). After reviewing all of the pleadings, the Court will grant Defendants' motion to dismiss Counts 1 and 2, and require Defendants to submit their Answer to Count 3.

*Background*

There are four Plaintiffs in this case, John Kirchgessner, Michael Juett, Michael Mikulich, and Jeffrey Milan (collectively "Plaintiffs"). The four Plaintiffs are all former Servers at the Chart House Restaurant. They filed a Complaint against Defendants CHLN, Inc. d/b/a Chart House and Landry's Restaurants Inc. ("Chart House"). (Doc. 1.) In Count 1, they allege that Chart House required them to perform nontipped duties related to their tipped server occupation in excess of 20% of the time they spent per shift yet only getting paid at the reduced tip credit rate for those duties, which they allege is a violation of the minimum wage provision of the FLSA. (Id. at 10-12.) Examples of non-tipped labor related to Plaintiffs' tipped occupation that exceeded 20% of Plaintiffs' regular workweek include, but are not limited to:

> preparatory and workplace maintenance tasks such as brewing tea, brewing coffee, rolling silverware, cleaning soft drink dispensers, wiping down tables, setting tables, busing tables, cutting and stocking fruit, stocking ice, taking out trash, scrubbing walls, sweeping floors, restocking to-go supplies, cleaning booths, cleaning ramekins, sweeping, mopping, restocking all stations, and washing dishes.

(Doc. 1 at 5.)

In Count 2, Plaintiffs allege that they were engaged in working dual jobs at Chart House yet only getting paid at the reduced tip credit rate for performing a non-tipped occupation. (Id. at 12-13.) Plaintiffs allege that they performed non-tipped non-related duties that constituted a different job classification. Examples of non-tipped labor unrelated to their tipped occupation that Plaintiffs performed during their regular workweeks, include, but are not limited to:

> preparatory and workplace maintenance tasks such as taking out trash, scrubbing walls, sweeping floors, cleaning booths, sweeping, mopping, washing dishes, breaking down and cleaning the expo line, and restocking restrooms.

(Id. at 5.) They assert that their dual jobs claim states a minimum wage violation under the FLSA.

*Standard of Review*

Motion to Dismiss

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (further citation and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." Id. at 570, 127 S.Ct. 1955. "A claim has facial plausibility when the pleaded factual

content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955).

When deciding a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.1981). A court may dismiss a claim either because it lacks "a cognizable legal theory" or because it fails to allege sufficient facts to support a cognizable legal claim. See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir.1996). "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." Polich v. Burlington N., Inc., 942 F.2d 1467, 1472 (9th Cir.1991). When exercising its discretion to deny leave to amend, a court must be guided by the underlying purpose of Fed. R. Civ. P. 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities. See United States v. Webb, 655 F.2d 977, 979 (9th Cir.1981).

*Discussion*

Multiple civil actions have been filed under the FLSA raising similar legal issues in this District. In the interest of judicial economy, all of these related FLSA cases were transferred or assigned to this Court for the purpose of managing, administrating, and resolving them. (Doc. 3.) In these civil actions, all of the plaintiffs have the same counsel of record prosecuting their complaints.

In Richardson v. Mountain Range Restaurants LLC (Denny's), No. CV 14-1370-PHX-SMM, Doc. 14, also in the context of an employer's motion to dismiss, the Court previously considered FLSA claims similar to the ones asserted by Plaintiffs. In Plaintiffs' Complaint, they first allege an FLSA violation because they were required to perform non-tipped related duties in excess of 20% of their overall work duties, and second that they were required to perform dual jobs meaning that they had to perform non-tipped unrelated duties comprising a different job classification despite not being paid minimum wage for those unrelated duties. (Doc. 1.)

The complaint in Richardson concerned the same two claims. (Cf. CV 14-1370-PHX-SMM, Doc. 1 with Doc. 1 here.) In Richardson, the Court found that Counts 1 and 2 failed to state an FLSA claim, and therefore granted the employer's motion to dismiss those claims. (Richardson, No. CV 14-1370-PHX-SMM, Doc. 14.) In this case, as a matter of law, the Court finds that its reasoning in Richardson is directly applicable to Chart House's motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). In Richardson, the Court reasoned as follows:

**Counts 1 and 2**

In Count 1 of Richardson's Complaint, she alleges that Denny's violated the FLSA by failing to pay her the federal minimum wage in violation of 29 U.S.C. § 206(a). (Doc. 1.) Richardson alleges that Denny's did not pay her federal minimum wage for her work as a server because as a tipped employee and paid at rate of $2.13, she was required to work and spend a substantial amount of time, in excess of 20% of the hours she worked, performing related non-tipped duties. (Id. at 5.) Richardson alleges that Denny's violated the FLSA by not paying her federal minimum wage for her time spent performing those related non-tipped duties. (Id.) Richardson concedes that she is unable to state the exact amount owed to her by Denny's,

either on a workweek basis or a total basis, but will obtain and determine such an amount during discovery. (Doc. 1 at 4.)

In Count 2, Richardson alleges that she was engaged in working dual jobs at Denny's yet only getting paid at the reduced tip credit rate for performing a non-tipped occupation. (Doc. 1 at 6-7.) Richardson alleges that her non-related server duties constitute a different job classification and that she was entitled to the federal minimum wage when she performed those duties, not the tip credit hourly wage used by Denny's. (Id. at 7-8.)

Based on 29 U.S.C. § 206(a) and C.F.R. §§ 531.51, 531.56(e), Denny's contends that Counts 1 and 2 are subject to dismissal. (Doc. 8.) Denny's maintains that the DOL regulation specifically provides that servers perform incidental duties in addition to their normal duties as a server. (Id.) (citing C.F.R. § 531.56(e).) Denny's further contends, however, that Richardson has not provided any degree of specificity as to any date she worked at these related and non-related non-tipped duties, how long each took, or how often they were done. (Id.) According to Denny's, in Count 1, Richardson merely claims that she spent more than 20% of her workweek time performing related non-tipped duties and that in Count 2, she alleges that she is entitled to federal minimum wage for performing non-related non-tipped duties. (Id.) Denny's contends that there is no FLSA violation because it is undisputed that Richardson is a tipped employee and that Denny's always paid her the federal minimum wage for all of her workweeks as a Denny's employee. (Doc. 11 at 2.)

Richardson responds that a Department of Labor ("DOL") sub-regulation limits the amount of related duties that a tipped employee can perform and that if a tipped employee spends a substantial amount of time, or more than 20% of their workweek engaged in related but non-tipping work, they must be paid the full minimum wage for the time spent performing the non-tipped work.[2] (Doc. 10.) Richardson asks the Court to defer to DOL's sub-regulation and deny dismissal of Count 1. Regarding Count 2, Richardson alleges that she was working dual jobs when performing duties unrelated to her server occupation and entitled to federal minimum wage for performing the unrelated duties. (Id.)

[2] See U.S. Dept. of Labor, Wage and Hour Division, Field Operations Handbook, § 30d00(e) (1988).

*No Minimum Wage Violation*

The Court agrees with Denny's and finds that Count 1 fails to state a minimum wage claim under the FLSA. The provisions of the FLSA govern the basis for asserting a claimed violation of federal minimum wage. The Supreme Court has emphasized the importance of companies paying an employee's minimum wage on a weekly basis. See Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707, 65 S.Ct. 895, 89 L.Ed. 1296 (1945) (stating that "employees receiving less than the statutory minimum are not likely to have sufficient resources to maintain their efficiency and well-being"); see also Barrentine v. Arkansas–Best Freight System, Inc., 450 U.S. 728, 739, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981). Under 29 U.S.C § 206, the FLSA requires that for every workweek "every employer shall pay to each of [its] employees," the federal minimum wage, except for tipped employees, who receive $2.13 an hour, with the rest of their federal minimum wage coming from customer tips. See 29 U.S.C. § 206(a)(1), § 203(m), and § 203(t). Thus, under § 203(m)'s tip

credit, employers may pay tipped employees at an hourly wage below the minimum wage, provided that for the workweek the hourly wage and the employees' tips, taken together are at least equivalent to the federal minimum wage, which in 2012 and 2013 was $7.25 an hour.

The Supreme Court has also made it clear that an employment practice does not violate the FLSA unless the FLSA prohibits it. See Christensen v. Harris Cnty., 529 U.S. 576, 588, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000). The FLSA creates a private right of action against any employer who violates § 206 (the minimum wage requirement) or § 207 (the overtime compensation requirement). See 29 U.S.C. § 216(b). Section 216(b) permits employees to recover from the employer "the amount of their unpaid minimum wages, or their unpaid overtime compensation." Id.

The Court finds that whether Richardson is able to state a FLSA minimum wage violation depends on the total pay for the workweek divided by the total number of hours worked in that workweek. This "workweek" concept is well-supported in the caselaw, starting with the seminal case of United States v. Klinghoffer Bros. Realty Corp., 285 F.2d 487 (2d Cir.1961). In Klinghoffer, employees who had not been paid for certain hours worked claimed a violation of the FLSA's minimum wage provision. The Klinghoffer court found that:

> [i]f the total wage paid to each [employee] in this case during any given week is divided by the total time he worked that week, the resulting average hourly wage exceeds [the minimum wage required by the FLSA]. We believe this is all that is necessary to meet the requirements of 206(a).

Id. at 490. The Ninth Circuit has followed the "workweek" concept established in Klinghoffer for FLSA minimum wage violations. See Adair v. City of Kirkland, 185 F.3d 1055, 1063 (9th Cir.1999) (stating that "The district court properly rejected any minimum wage claim the officers might have brought by finding that their salary, when averaged across their total time worked, still paid them above the minimum wage."); accord Hensley v. MacMillan Bloedel Containers, Inc., 786 F.2d 353, 357 (8th Cir.1986); Dove v. Coupe, 759 F.2d 167, 172 (D.C.Cir.1985); Blankenship v. Thurston Motor Lines, 415 F.2d 1193, 1198 (4th Cir.1969). While § 206 of the FLSA speaks of an hourly wage, an employer's failure to compensate an employee for particular hours worked does not necessarily violate the minimum wage provision. See Dove, 759 F.2d at 171. That is because the workweek as a whole, not each individual hour within the workweek, determines whether an employer has complied with § 206(a). Id.; see 29 C.F.R. § 776.4(a) ("The workweek is to be taken as the standard in determining the applicability of the Act."). Thus, no minimum wage violation occurs so long as the employer's total wage paid to an employee in any given workweek divided by the total hours worked in the workweek equals or exceeds the minimum wage rate. See Adair, 185 F.3d at 1062 n. 6.

Even though Richardson may allege in conclusory fashion that she was paid less than minimum wage, her complaint pertains to examples of tasks that Denny's asked her to perform that allegedly were both related to and unrelated to her occupation as a server. (Doc. 1 at 5, 7.) Such allegations do not state a minimum wage claim since the pleading never alleges that during any particular week, the average of her hourly wages

was less than the federal minimum wage. See Adair, 185 F.3d at 1062. Federal minimum wage claims fail where the aggregate wages for a workweek, "when averaged across the[ ] total time worked," is equal to or in excess of the minimum wage. Id. at 1063. Thus, regardless of the frequency with which non-tipped work was assigned, no minimum wage claim is stated against Denny's unless Richardson's average wage for the workweek, including tips, fell below the minimum wage. In this case, Richardson does not allege that Denny's did not pay her the minimum wage for a particular workweek; therefore, Counts 1 and 2 are subject to dismissal.

In order to avoid dismissal of Count 1, however, Richardson asks the Court to defer to the DOL sub-regulation, § 30d00(e),[3] that allegedly limits the

[3] The DOL sub-regulation, § 30d00(e), provides, as follows: [C.F.R. § ] 531.56(e) permits the taking of the tip credit for time spent in duties related to the tipped occupation, even though such duties are not by themselves directed toward producing tips (i.e., maintenance and preparatory or closing activities). For example a waiter/waitress, who spends some time cleaning and setting tables making coffee, and occasionally washing dishes or glasses may continue to be engaged in a tipped occupation even though these duties are not tip producing, provided such duties are incidental to the regular duties of the sever (waiter/waitress) and are generally assigned to the servers. However, where the facts indicate that specific employees are routinely assigned to maintenance, or that tipped employees spend a substantial amount of time (in excess of 20 percent) performing general preparation work or maintenance,

no tip credit may be taken for the time spent in such duties.
amount of related duties a tipped employee can perform, and that if a tipped employee spends a substantial amount of time, or more than 20% of their workweek engaged in non-tipping duties, they must be paid the full minimum wage for their time spent performing the non-tipped work. (Doc. 10.) In support, Richardson relies on Fast v. Applebee's Int'l, Inc., 638 F.3d 872 (8th Cir. 2011) and Crate v. Q's Rest. Grp., No. CV 8:13–2549, 2014 U.S. Dist. Lexis 61360 (M.D.Fl. May 2, 2014).

Neither Congress, the Supreme Court, nor the Ninth Circuit Court of Appeals has recognized such a purported cause of action based on the sub-regulation. Denny's contends that there was no violation of FLSA here because the sub-regulation is contrary to the statute's and the regulations' clear pronouncement that employers are entitled to utilize the tip credit for employees in tipped occupations. (Doc. 8; see 29 U.S.C. § 203(m); 29 C.F.R. § 531.56.) Furthermore, 29 C.F.R. § 531.56(e) (Dual Jobs) allows for tipped food service personnel to perform related and incidental tasks to their main occupation without becoming a dual job employee. (Doc. 11.) Because the controlling regulations are not ambiguous, Denny's contends that the Court need not consider the DOL's informal commentary, especially when such commentary does not interpret the regulation but purports to add additional requirements.

The Court agrees with Denny's that the controlling regulations are not ambiguous; therefore, the Court need not consider additional DOL informal commentary. It is for the Court to determine as a matter of law whether the applicable DOL regulations are ambiguous. See Christensen, 529 U.S. at 588,

120 S.Ct. 1655 (finding that the regulation in that case was not ambiguous); Saavedra v. Donovan, 700 F.2d 496, 500 (9th Cir.1983) (stating that whether an ambiguity exists is a question of law).

In addition, the Court need not further evaluate Richardson's DOL sub-regulation argument because Richardson does not claim in Count 1 that she was working dual jobs. The DOL sub-regulation is designated as providing informal commentary regarding 29 C.F.R. § 531.56(e) (Dual Jobs). Absent Richardson alleging in Count 1 that she was working dual jobs, the Court need not consider her arguments regarding whether any deference is due to the DOL sub-regulation's commentary regarding § 531.56(e). This result is further made clear by Richardson's complaint, which raises a dual jobs claim in Count 2. Thus, Count 1 remains subject to dismissal.

In order to avoid dismissal of Count 2, Richardson alleges that she was engaged in working dual jobs at Denny's yet only getting paid at the reduced tip credit rate when performing the non-tipped occupation. (Doc. 1 at 6-7.) According to Richardson, Denny's requirement that she perform non-related server duties constitutes a different job classification and that she was entitled to the federal minimum wage when she performed those non-related duties, not the tip credit hourly wage used by Denny's. (Id. at 7-8.)

Richardson argues that the controlling regulation, § 531.56(e), is ambiguous and therefore the Court should defer to DOL's interpretive commentary found in the sub-regulation, § 30d00(e), citing Auer v. Robbins, 519 U.S. 452, 461–62, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997) (discussing deference in the context of an agency's interpretation of its own ambiguous regulation unless the interpretation is plainly erroneous, inconsistent with the regulation, or does not reflect the agency's fair and considered judgment on the matter in question). Based upon the sub-regulation's commentary, she performed unrelated non-tipped duties and therefore was owed the federal minimum wage for the hours she worked dual occupations, not the tip credit wage she was paid by Denny's.

Denny's counters that the Court need not consider informal DOL commentary for § 531.56(e) because § 531.56(e) itself is not ambiguous. (Doc. 11 at 2.) Furthermore, the informal commentary is not persuasive because it does not interpret the regulation but purports to add additional requirements which is the province of Congress. (Id. at 2-3.) Continuing, Denny's contends that since only Congress is authorized to enact laws, administrative executive agencies such as DOL violate the separation of powers principle when they enact "laws" under the guise of providing informal commentary to a regulation. (Id.) Denny's contends that the sub-regulation is not entitled to deference because the commentary was not arrived at by formal adjudication or notice and comment rulemaking. (Id. at 3.) Denny's argues that giving deference to the sub-regulation leads "to the anomalous result of allowing agencies to side-step the onerous rulemaking process by engaging in a two-step process. First, they could publish unobjectionable, vague regulations. Then, they could simply issue opinions in various forms that 'interpreted' the regulation in a manner that may not have survived public notice and comment." (Id.) Thus, the sub-regulation usurps the legislative function.

Under these facts, and as previously found, the Court agrees with Denny's that § 531.56(e) is not ambiguous. The

dual jobs regulatory framework identifies an employee performing two or more entirely distinct, non-overlapping jobs. The facts in Richardson do not present a situation contemplated in the regulation regarding "dual jobs" in which an individual is assigned two identifiable, separate occupations. Richardson was engaged in one occupation, server. Section 531.56(e) specifically allows a server to engage in incidental related duties. Thus, the server occupation inherently includes side work. The regulation does not identify this "duties" dichotomy or cap incidental duties at 20%. Based on the regulation, the Court need not identify the duties that Richardson performed in her server occupation and then classify some as related tipped duties and some as non-related non-tipped duties, and then implement a different occupational standard for the non-tipped duties as compared with her tipped occupation server duties.

Moreover, even if the Court found § 531.56(e) ambiguous, the Ninth Circuit has provided guidance regarding this Court's inquiry into the issue of any deference due to the DOL sub-regulation. In Probert v. Family Centered Services of Alaska, Inc., 651 F.3d 1007, 1012 (9th Cir.2011), the Ninth Circuit, relying on the authority of Christensen, 529 U.S. at 587, 120 S.Ct. 1655, remarked that "it does not appear to us that the [DOL Wage and Hour Field Operations Handbook] is a proper source of interpretive guidance [because] [t]he handbook itself says that it 'is not used as a device for establishing interpretative policy.' [DOL Wage and Hour Field Operations Handbook] Foreword at 1, available at http://www.dol.gov/whd/FOH/index.htm." Rather it is meant only to provide guidance for employees of the Wage and Hour Division charged with enforcing the FLSA. See Barron v.

Reich, 13 F.3d 1370, 1372 (9th Cir.1994). It is undisputed that DOL has never initiated an enforcement litigation against a restaurant based upon the sub-regulation at issue. (See Doc. 11 at 5.)

Continuing, the Court further finds that the sub-regulation is neither persuasive nor entitled to deference for several reasons. First, it is undisputed that the DOL's Wage and Hour Division in its opinion letters regarding the dual jobs regulation has inconsistently provided guidance, first taking one position, then reversing course, reversing course again, then withdrawing the original position. (See Doc. 8 at 7-8.) In a 1980 opinion letter, the DOL first opined that duties performed by tipped employees after closing hours did not render them untipped employees. These services included cleaning the salad bar, placing condiment crocks in the cooler, cleaning the waitress station, stocking the waitress station, cleaning tables, filling salt and pepper shakers, and vacuuming the dining room. See Dep't of Labor Opinion Ltr., Wage and Hour Div., 1980 WL 141336 (Mar. 28, 1980). Next, in a 1985 opinion letter, the DOL opined that one out of five waiters who was required to report two hours early to perform set-up work, in which it was held that the salad preparation set-up work was a job traditionally performed by chefs, the DOL concluded that the waiter held "dual jobs" and was entitled to full minimum wage for that portion of his shift. Dep't of Labor Opinion Ltr., Wage and Hour Div., 1985 DOLWH LEXIS 9 (Dec. 20, 1985). Next, in a 2009 opinion letter, the DOL reversed course opining that "[w]e do not intend to place a limitation on the amount of duties related to a tip-producing occupation that may be performed, so long as they are performed contemporaneously with direct customer-ser-

vice duties ..." The DOL concluded that an employer could take a tip credit for an employee in the occupation of "bar back," even though the bar back employee spent none of his time waiting on customers. The services performed by the bar back (bartender's assistant) included restocking the bar, cleaning the bar, organizing the bar, cleaning empty glasses, taking out the trash, and cleaning the floor. Because the employee was in an occupation where he received more than $30 a month in tips, he was a "tipped employee" and the employer could thus take a tip credit. Dep't of Labor Opinion Ltr., Wage and Hour Div., 2009 WL 649014 (Jan. 15, 2009). Subsequently, less than two months later, in connection with a change in the executive administration, the DOL withdrew the Jan. 15, 2009 letter. Dep't of Labor Opinion Ltr., Wage and Hour Div., 2009 DOLWH LEXIS 27 (Mar. 2, 2009).

By engaging in such an inconsistent approach in its opinions regarding the dual jobs regulation, § 531.56(e), the DOL's 1988 sub-regulation on the same issue is neither persuasive nor entitled to deference. See Christopher v. Smith-Kline Beecham Corp., —— U.S. ——, 132 S.Ct. 2156, 2166–67, 183 L.Ed.2d 153 (2012) (affording no deference to the DOL's interpretation of its own regulations regarding the outside salesperson exemption because, among other things, the DOL's position had shifted over time); see also Thomas Jefferson Univ. v. Shalala, 512 U.S. 504, 515, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994) (stating that an agency's interpretation of a regulation that conflicts with a prior interpretation is entitled to considerably less deference than a consistently held agency view).

Next, the DOL sub-regulation does not interpret § 531.56(e) but arbitrarily adds additional requirements to it, creating the rule that if incidental and related duties comprise more than 20% of a server's duties, then no tip credit may be taken for the server's time spent on such incidental or related duties. The court in Pellon v. Bus. Representation Int'l, Inc., 528 F.Supp.2d 1306 (S.D.Fla. 2007), aff'd, 291 Fed.Appx. 310 (11th Cir. 2008), rejected the sub-regulation's approach as unworkable and inappropriate. The Court agrees with the cogent findings made by the court in Pellon. In Pellon, plaintiffs were skycaps at the Miami International Airport who argued that their employer was not allowed to take a tip credit because they were required to perform duties other than assisting travelers with their luggage. The Pellon court found that the skycaps were in the tipped "occupation" of skycaps and that any other duties they were required to perform were incidental to receiving tips. The court found that skycaps were similar to servers. Like servers, the skycaps' duties involved many tasks that did not directly earn tips. The Pellon court found that the skycaps were not performing dual occupations; rather they had one occupation in which they received more than $30 a month in tips. The court rejected the sub-regulation's 20% commentary, as follows:

However, a determination whether 20% (or any other amount) of a skycap's time is spent on non-tipped duties is infeasible... Permitting Plaintiffs to scrutinize every day minute by minute, attempt to differentiate what qualifies as tipped activity and what does not, and adjust their wage accordingly would create an exception that would threaten to swallow every rule governing (and allowing) for tip credit for employers.

528 F.Supp.2d at 1313–14. The Eleventh Circuit affirmed "on the basis of the district court's well-reasoned order." See 291 Fed.Appx. 310 (11th Cir.2008). The Court agrees with Pellon and will not give deference to a policy having the net effect of allowing a server to do nothing during slow periods at a restaurant or require the restaurant to pay the server additional sums to help out around the restaurant. The law does not require that result. On the basis of the foregoing, Count 2 will also be subject to dismissal.

### CONCLUSION

In conclusion, to adopt the sub-regulation by giving it deference would require this Court to set aside the constitutional principles of separation of powers, which the Court will not do. Justice Thomas summarized this concern in his concurrence in Perez v. Mortgage Bankers Assoc., —— U.S. ——, 135 S.Ct. 1199, 1213, 191 L.Ed.2d 186 (2015), where he stated that giving deference to administrative interpretations of regulations requires judges to give legal effect to the agency interpretations rather than to the regulations themselves. "Because this doctrine effects a transfer of judicial power to an executive agency, it raises constitutional concerns . . . [because it] undermines our obligation to provide a judicial check on the other branches, and it subjects the regulated parties to precisely the abuses that the Framers sought to prevent." Id.

Richardson, No. CV-14-1370-PHX-SMM, Doc. 14 at 5-15.

As a matter of law, the Court finds its reasoning in Richardson both applicable and persuasive regarding Chart House's motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Doc. 12.) The Court finds that Plaintiffs' allega-tions in their Complaint do not state an FLSA minimum wage violation. The Court finds that Plaintiffs were only performing one occupation in their Complaint, the server position, not two occupations.

Accordingly,

**IT IS HEREBY ORDERED** granting Defendants' motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Doc. 12.) Counts 1 and 2 are dismissed with prejudice.

**IT IS FURTHER ORDERED** that Defendants shall file an Answer to Count 3 of Plaintiffs' Complaint by **Friday, January 22, 2016.**